**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO:**

| | |
|---|---|
| NEALIE CIRINO, | ) |
|               Plaintiff, | ) |
| vs. | ) |
| NORTHLAND GROUP, INC. | )   **COMPLAINT** |
|               Defendant. | ) |

## INTRODUCTION

1. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Minnesota, personal jurisdiction is established.

4. Venue in the United States District Court is proper under 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 - 2202.

## PARTIES

6. Plaintiff is a natural person residing in Wallingford, New Haven County, Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national collection agency with its principle place of business at 7831 Glenroy Road, Suite 110, Edina, Minnesota 55439.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment of an alleged debt (See phone call log, attached hereto as Exhibit "A").

12. Defendant calls Plaintiff from (866) 550-6858 and (866) 380-8783.

13. Defendant places calls to Plaintiff and hangs up the telephone without leaving a voicemail message.

14. Defendant places calls to Plaintiff and fails to provide meaningful disclosure of the caller's identity.

15. Defendant places calls to Plaintiff and does not disclose that the call is from a debt collector.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

16. Defendant's violations of the FDCPA include, but are not limited to, the following:

a. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

b. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity;

c. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant called Plaintiff and hung up the phone without leaving a voicemail message;

d. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in the attempt to collect a debt because Defendant called Plaintiff and did not disclose the caller's identity;

e. Defendant violated *§1692e(10)* of the FDCPA by using false and deceptive means in an attempt to collect a debt because Defendant called Plaintiff and did not disclose that the call was from a debt collector;

f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call was from a debt collector.

17. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (See Exhibit "B").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*;
b. Actual damages
c. Statutory damages pursuant to 15 U.S.C. § 1692k
d. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and
e. Awarding such other and further relief as may be just, proper and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.Pro. 38.

                    **KROHN & MOSS, LTD**

Dated: May 27, 2009

                    By: s/ Lee Cassie Yates
                        Lee Cassie Yates - # 352688
                        120 West Madison Street, 10th Floor
                        Chicago, Illinois 60602
                        Telephone: (312) 578-9428

                    *Attorney for Plaintiff*

-5-

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF CONNECTICUT

    Plaintiff, NEALIE CIRINO, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, NEALIE CIRINO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5-27-09                _Nealie Cirino_
                                                               NEALIE CIRINO